MARY WHIPPLE v. LOUISVILLE PRESBYTERIAN ORPHAN
ASYLUM ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—391.]

**Abandonment of Cemetery.**

When a cemetery is abandoned by the corporation owning it, and for a period of more than twenty years no bodies are buried in it, and all its officers and trustees are dead, a court of chancery will not at the instance of one lot holder, whose relatives are buried there, appoint new trustees and decree that such cemetery should be maintained as such, where it is shown that all the bodies except the lot holder's relatives have been removed. The owner of such lot, however, has a right of property in the lot bought by her of which she can not be deprived.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 27, 1881.

OPINION BY JUDGE PRYOR:

It appears that the West Louisville Cemetery was chartered in the year 1848, and purchased for its burial ground about fifteen acres of land in or about the city of Louisville, the same now being within the corporate limits; that in the year 1849 the appellant purchased a lot in the cemetery, where many of her family have been buried. It further appears that the act of incorporation was re-

pealed in the year 1854, and that the property has been abandoned as a cemetery, without trustees or interments within its limits for nearly or perhaps more than twenty years. Other burying grounds more remote from the business portions of the city have been chosen, and all the lots in the West Louisville Cemetery sold and the dead removed, except the lot owned by the appellant. The ground has been sold to and some of it given by deed to the Presbyterian Orphan's Home of this city.

The appellant, after the lapse of more than twenty years from the appointment of any trustees, and after the original trustees had resigned or died, and when the property had been abandoned as a cemetery and its dead removed, filed this petition asking the chancellor to appoint trustees for the corporation, and that the entire property be held and controlled by these trustees for burial purposes. Ordinarily, a corporation can not be dissolved by reason of the death or resignation of its members, or by the act of a majority of those interested; and while the same rule would be held in this case if there had been no abandonment of the right, still we are satisfied under the circumstances that the separate owners of the property or lots had the right to dispose of the ground, and when disposed of and abandoned for the period of twenty years, without improvement or interments and its dead removed, that the chancellor will not appoint trustees to take charge of and protect the property, or hold it as a burying ground when those interested decline to use it as such and have disposed of the property for other purposes.

There is no fund belonging to the corporation, and the ground is an open common, or the property in such a dilapidated condition as to evidence the necessity of a change of the cemetery or a removal of the dead to the beautiful cemetery in the suburbs of the city. A chancellor would not compel any corporation to continue its business or hold its property when the evidences of ruin and decay are not only made manifest from the proof at the time, but when the fact is further developed that the corporation can not exist. The appellant has a right of property in the lot purchased; of this she can not be deprived; but where a franchise like this, or the exercise of rights under it, have been abandoned, as in this case, the chancellor will not disregard the rights of all the members of the corporation, save one, when it is evident that the party seeking the aid of the chancellor can not exercise the rights of a franchise,

except in regard to her own lot.  Of this she has not been deprived by the judgment below.

The judgment below is therefore *affirmed*.

J. T. O'Neal, for appellant.

J. B. Kinkead, E. W. C. Humphrey, Bennett H. Young, Barrett & Brown, for appellees.